Matter of Ryan Lee Props., LLC v City of New York (2021 NY Slip Op 03155)





Matter of Ryan Lee Props., LLC v City of New York


2021 NY Slip Op 03155


Decided on May 18, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 18, 2021

Before: Kern, J.P., Oing, Singh, Moulton, JJ. 


Index No. 153526/18 Appeal No. 13860 Case No. 2019-3146 

[*1]In the Matter of Ryan Lee Properties, LLC, Petitioner,
v
The City of New York, et al., Respondents.


Tarter Krinsky & Drogin LLP, New York (Patrick J. Kilduff of counsel), for petitioner.
James E. Johnson, Corporation Counsel, New York (Elizabeth I. Freedman of counsel), for respondents.



Determination of the Office of Administrative Trials and Hearings (OATH), dated December 12, 2018, to the extent it affirmed a hearing officer's decision, dated June 5, 2018, sustaining two violations of New York City Zoning Resolution § 32-63, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Arthur F. Engoron, J.], entered September 18, 2019), dismissed, without costs.
OATH's determination that petitioner violated Zoning Resolution § 32-63 by displaying two advertising signs in a district where such signs are prohibited is supported by substantial evidence in the record (see generally 300 Gramatan Ave. Assoc. v State Div. of Human Rights , 45 NY2d 176, 180-182 [1978]). Petitioner failed to establish that the display of the two signs was a legal nonconforming use that had existed at the time of the enactment of the relevant provisions and continued thereafter, uninterrupted except for a period of up to two years (see NY City Zoning Resolution §§ 12-10, 42-55, 52-11, 52-61). The 1970s permit relied upon by petitioner was for a single sign, not two. OATH rationally concluded that petitioner failed to meet its burden of establishing continuous use, in light of the significant gap in time for which petitioner presented no documentary evidence that the two advertising signs were displayed continuously. We perceive no basis to disturb OATH's finding that the affidavit submitted by petitioner, which was contradicted by other evidence in the record and contained uncorroborated statements, was insufficient to establish continuous use. THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 18, 2021